# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DAVID TYRON JONES, | ) |
|     Plaintiff, | ) |
| v. | ) |
| SHELBY COUNTY SHERIFF DEPARTMENT DEPUTY JAILERS and WESTERN MENTAL HEALTH INSTITUTE, | ) No. 2:19-cv-02433-SHL-cgc |
|     Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITH PREJUDICE AND CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

Before the Court is Magistrate Judge Charmiane G. Claxton's ("Magistrate Judge") Report and Recommendation ("R&R"), filed July 23, 2019, (ECF No. 6), recommending that the Court dismiss Mr. Jones's pro se Complaint, filed July 5, 2019, (ECF No. 1), as frivolous and for failure to state a claim upon which relief may be granted, and further that the Court certify that an appeal would not be taken in good faith. For the following reasons, the Court **ADOPTS** the R&R and **CERTIFIES** that an appeal would not be taken in good faith. Furthermore, the Complaint is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Mr. Jones filed a pro se Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 on a Court-supplied form. He alleges that Carolyn Wilks, a sergeant and deputy jailer at the Shelby County Criminal Justice Center at 201 Poplar Avenue, Memphis, Tennessee 38103 ("Jail"), whom he also alleges is his aunt, "has a death hit on" him. (ECF No. 1 at PageID 2.) He further alleges that, while he was in custody, he witnessed the Shelby County Sheriff's

Department and the State of Tennessee kidnapping Memphians, killing them, feeding them to people and selling their body parts and organs. (Id.; ECF No. 1-1 at PageID 4–5.) Mr. Jones further alleges that "the government" keeps locking him up and committing him to mental institutions in Bolivar, Tennessee, and Nashville, Tennessee, abusing him and trying to kill him to avoid public scrutiny of their alleged activities. (ECF No. 1-1 at PageID 5–6.) He also alleges that he has been denied Social Security and Supplemental Nutrition Assistance Program benefits. (Id. at PageID 7.) He seeks $1 billion in damages for pain and suffering "if I get killed or be missing on behalf of this lawsuit," entry into the federal Witness Protection Program and the death penalty for Sergeant Wilks. (ECF No. 1 at PageID 3.)

The Magistrate Judge found the Complaint to be "incomprehensible, irrational and incredible," and that it "does not assert any coherent claim against any person or entity under any colorable legal theory." (ECF No. 6 at PageID 18.) Moreover, she found that, to the extent that Mr. Jones's allegations are intelligible, they mirror similar complaints he has previously filed with the Court, none of which appear to have advanced beyond the pleading stage. (See generally Jones v. Shelby Cty. Jail, No. 2:18-cv-02098-SHL-cgc (W.D. Tenn.); Jones v. Shelby Cty. Sheriff Dep't, No. 2:18-cv-02081-SHL-cgc (W.D. Tenn.); Jones v. Shelby Cty. Sheriff Dep't, No. 2:16-cv-02338-JDT-cgc (W.D. Tenn.); Jones v. Shelby Cty. Sheriff Dep't, No. 2:16-02032-JDT-cgc (W.D. Tenn.); Jones v. Shelby Cty. Sheriff Dep't, No. 2:15-cv-02217-JDT-cgc (W.D Tenn.); Jones v. Shelby Cty. Sheriffs, No. 2:03-cv-02247-JPM (W.D. Tenn.).) Therefore, the R&R recommends (a) dismissal of the complaint in its entirety as frivolous and for failure to state a claim upon which relief may be granted, and (b) certification that an appeal would not be taken in good faith. (Id. at PageID 18–19.) See 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact, proposed conclusions of law and recommendations as to whether a case may proceed to discovery. See 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Mr. Jones has filed no objections to the Magistrate Judge's findings of fact or conclusions of law, and the deadline to do so has now passed. The Court has reviewed the R&R for clear error and finds none. Therefore, the Court **ADOPTS** the R&R and **CERTIFIES** that an appeal would not be taken in good faith. The Complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 12th day of August, 2019.

    s/ Sheryl H. Lipman
    SHERYL H. LIPMAN
    UNITED STATES DISTRICT JUDGE